UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHELLE RICHTER,

      Defendant.

INDICTMENT  CR 15-139 ADM/LIB

18 U.S.C. § 641
18 U.S.C. § 1030(a)(4)

THE UNITED STATES GRAND JURY CHARGES THAT:

### COUNTS 1-16
(Theft of Public Money)

1. At times relevant to this Indictment:

### The FSA Loan Program

    a. The Farm Service Agency ("FSA") was a division of the United States Department of Agriculture ("USDA") that managed federal farm loan programs, including loans provided by the Commodity Credit Corporation.

    b. The Commodity Credit Corporation was a Government entity created by Congress to stabilize, support, and protect farm income and prices by issuing loans to farmers secured by grain and other crops.

    c. In order to qualify for a loan from the Commodity Credit Corporation, farmers were required to submit a loan application in which the farmer described the crop being pledged as security for the loan, as well as the number of bushels and the location of the crop being pledged.

SCANNED
MAY 0 4 2015
U.S. DISTRICT COURT ST. PAUL

  d. FSA administered the funding for loans provided by the Commodity Credit Corporation through a network of federal, state, and county offices. Each county had an FSA office responsible for managing and administrating FSA loans and others program within the county.

  e. FSA regulations required that all loans be approved by the County Executive Director at the local FSA office before the loan proceeds were disbursed.

### The Richter Loans

  f. Defendant MICHELLE RICHTER was a Program Technician at the FSA office in Wadena, Minnesota, which was responsible for overseeing FSA programs in Wadena and Hubbard Counties. As part of her duties, defendant RICHTER was responsible for processing FSA loan applications from farmers in Wadena and Hubbard Counties. Defendant RICHTER and other FSA employees were prohibited from processing loan applications submitted by family members.

  g. Defendant RICHTER and her husband, Individual A, owned a farm located in Wadena County, Minnesota (the "Richter Farm").

  h. Beginning in December 2013, and continuing through November 2014, defendant RICHTER prepared applications for FSA loans in the name of her husband, Individual A (the "Richter loans"). Defendant RICHTER pledged crops stored at the Richter Farm as security for the Richter loans.

  i. Neither defendant RICHTER nor her husband signed the note and security agreements pledging the crops as security for the Richter loans.

Moreover, on some of the FSA loan applications, defendant RICHTER falsely inflated the amount of crops available to support the Richter loans.

j.  Defendant RICHTER processed the loan applications and approved the Richter loans. In doing so, defendant RICHTER ignored FSA conflict-of-interest rules prohibiting her from processing or approving loans to family members. Defendant RICHTER asked another FSA employee ("Individual B") to help her process and approve the Richter loans. Individual B was not aware that defendant RICHTER had made false statements on the Richter loan applications or that defendant RICHTER was receiving the proceeds of the Richter loans. When Individual B was not present to assist in processing and approving the Richter loans, defendant RICHTER processed and approved the Richter loans on her own using Individual B's username and password and without Individual B's knowledge.

k.  Although FSA required the County Executive Director to approve all FSA loans, defendant RICHTER did not submit the Richter loan applications to the County Executive Director for approval. Instead, defendant RICHTER authorized the disbursement of the Richter loan proceeds without the approval of the County Executive Director. In an effort to evade detection, defendant RICHTER kept the unsigned loan documents on her person, rather than on file at the FSA office.

l.  Defendant RICHTER directed the FSA to deposit the proceeds of the Richter loans into an account held by defendant RICHTER at First National

Bank in Henning, Minnesota (the "First National Bank account"). Individual A was not a signatory on the First National Bank account.

  m. After the proceeds of the Richter loans were deposited into the First National Bank account, defendant RICHTER used much of the money for personal spending unrelated to the operation of the Richter Farm.

  2. On or about the dates set forth below, in the State and District of Minnesota, the defendant,

**MICHELLE RICHTER,**

without authority sold, conveyed, or disposed of money of a department or agency of the United States, namely, the proceeds of loans issued by the Farm Service Agency, as described in further detail below:

| Count | Date | Loan Amount |
|---|---|---|
| 1 | Dec. 12, 2013 | $4,515 |
| 2 | Jan. 3, 2014 | $3,994 |
| 3 | Jan. 16, 2014 | $4,515 |
| 4 | Feb. 12, 2014 | $1,563 |
| 5 | Feb. 26, 2014 | $1,563 |
| 6 | Mar. 24, 2014 | $3,820 |
| 7 | April 1, 2014 | $4,341 |
| 8 | April 8, 2014 | $1,389 |
| 9 | April 14, 2014 | $2,257 |
| 10 | May 1, 2014 | $3,994 |
| 11 | May 15, 2014 | $4,341 |
| 12 | May 28, 2014 | $34,733 |
| 13 | Oct. 14, 2014 | $4,667 |
| 14 | Oct. 14, 2014 | $6,103 |
| 15 | Nov. 4, 2014 | $12,810 |
| 16 | Nov. 17, 2014 | $13,725 |

All in violation of Title 18, United States Code, Section 641.

## COUNTS 17-23
(Computer Fraud)

3. The allegations in paragraphs 1 of Counts 1-16 are incorporated herein.

4. On or about the dates set forth below, in the State and District of Minnesota, the defendant,

**MICHELLE RICHTER,**

knowingly and with intent to defraud accessed a protected computer without authorization, or exceeded authorized access, and by means of such conduct furthered an intended fraud and obtained something of value, namely, FSA loan proceeds, as described in further detail below:

| Count | Date | Unauthorized Access |
|---|---|---|
| 17 | Mar. 24, 2014 | Used Individual B's FSA account username to authorize and disburse a $3,801 FSA loan in the name of Individual A |
| 18 | April 1, 2014 | Used Individual B's FSA account username to authorize and disburse a $4,319 FSA loan in the name of Individual A |
| 19 | April 8, 2014 | Used Individual B's FSA account username to authorize and disburse a $1,382 FSA loan in the name of Individual A |
| 20 | May 1, 2014 | Used Individual B's FSA account username to authorize and disburse a $3,974 FSA loan in the name of Individual A |
| 21 | May 15, 2014 | Used Individual B's FSA account username to authorize and disburse a $4,319 FSA loan in the name of Individual A |
| 22 | May 28, 2014 | Used Individual B's FSA account username to authorize and disburse a $34,688 FSA loan in the name of Individual A |

| 23 | Nov. 17, 2014 | Used Individual B's FSA account username to authorize and disburse a $13,680 FSA loan in the name of Individual A |

All in violation of Title 18, United States, Code Section 1030(a)(4).

## FORFEITURE ALLEGATIONS

5.   Counts 1-23 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), and Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c).

6.   As the result of the offenses alleged in Counts 1-23 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), and Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), any real or personal property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violations.

7. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1030(i)(2), and by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____                    _____
UNITED STATES ATTORNEY                     FOREPERSON